IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELINDA HELLER-NELLOS,

    Plaintiff,

v.                                                No. _____

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm'), by and through its counsel of record, Miller Stratvert P.A., hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico as follows:

1.    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant State Farm hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the First Judicial District, County of Santa Fe, State of New Mexico, styled: *Melinda Heller-Nellos v. State Farm Mutual Automobile Insurance Company*; First Judicial District Cause No. D-101-CV-2019-00487 (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant State Farm to date are attached hereto as Exhibit 1 (copy of the below-defined Complaint).

2.    Plaintiff's original filing, which is titled as "Complaint for Underinsured Motorist Damages" (hereinafter the "Complaint"), was filed in the First Judicial District Court on February 22, 2019.  *See* Exhibit 1 at 1.  Service was accepted by the Superintendent of Insurance on March 7, 2019.  Pursuant to NMSA 1978, § 59A-5-32(C), if summons is served through the Superintendent of Insurance, the insurer has an additional 10 days to respond to Plaintiff's

Complaint. Therefore, notice of removal is properly filed within the 40 day requirement pursuant to NMSA 1978, § 59A-5-32(C) and 28 U.S.C. § 1446(b).

3. Defendant State Farm states that this is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

4. The Complaint asserts that Plaintiff is a resident of Bernalillo County. *See* Exhibit 1, Complaint ¶ 1.

5. Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm") is a resident of the State of Illinois, as it is incorporated in Illinois and has its principal place of business in the State of Illinois.

6. Defendant State Farm has consented to the removal of this matter to the United States District Court for the District of New Mexico.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The following is established on the face of the Complaint. This case involves an actual controversy between Plaintiff, on the one hand, and Defendant, on the other hand, regarding an alleged motor-vehicle collision and alleged resulting personal injuries. Plaintiff alleges that she suffered personal injuries due to a vehicle collision on November 19, 2016 that was allegedly caused by non-party alleged tortfeasor Dakota Stewart. *See* Complaint ¶¶ 7-10.

9. Plaintiff further alleges she "settled her claims against the at-fault driver Dakota Stewart for his liability insurance limits of $25,000.00 (with permission from State Farm)." *See* Complaint ¶ 11.

10. Plaintiff further alleges that Mr. Stewart's "policy limits were not adequate to compensate Plaintiff." *See* Complaint ¶ 12.

11. In his Prayer for Relief, Plaintiff seeks judgment against Defendant for compensatory damages, costs incurred, punitive damages and pre-judgment and post-judgment interest. *See* Complaint at 3.

12. Without admitting any of the foregoing allegations, Defendant State Farm respectfully submits that the aggregate "value" of what Plaintiff seeks to recover in this case exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007) (court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

13. The United States Supreme Court has clarified that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

14. Notice is being provided to Plaintiff of the filing of this Notice as required by 28 U.S.C. § 1446(d).

15. A copy of this Notice will be filed with the Clerk for the District Court for Santa Fe County in the State Court Action as required under 28 U.S.C. § 1446(d).

16. Defendant requests a jury of twelve persons.

                                        Respectfully submitted,

                                        MILLER STRATVERT P.A.

                                        By */s/ Matthew S. Rappaport*
                                              Matthew S. Rappaport
                                              Attorneys for Defendant
                                              Post Office Box 25687
                                              Albuquerque, NM 87125
                                              Phone: (505) 842-1950
                                              Fax: (505) 243-4408

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on the 3rd day of April, 2019, a copy of the foregoing was electronically filed through the CM/ECF system, and that a copy of the foregoing was sent via email to the following:

Benjamin Hancock
Law Offices of Benjamin Hancock, P.C.
6121 Indian School Rd. NE, Suite 206
Albuquerque, NM 87110

*/s/ Matthew S. Rappaport*
Matthew S. Rappaport